

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLIFFORD TULLOCH,

        Plaintiff,

        -v-

ERIE COUNTY HOLDING CENTER,

        Defendant.

DECISION AND ORDER
10-CV-0207S

---

## INTRODUCTION

Plaintiff, Clifford Tulloch, who, at the time the complaint was filed, appears to have been a pre-trial detainee at the Erie County Holding Center, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff also seeks the appointment of counsel, which at this time is denied as premature.[1]

Plaintiff claims that the defendants, Erie County Holding Center, Timothy Howard, Sheriff of the County of Erie, and Christopher Collins, County Executive of the County of Erie, violated his rights by denying his access to the law library, using excessive force against him, and forcing him to live in unsanitary conditions. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of plaintiff's claims are hereby dismissed, some of the claims are sufficient as pled, and others must

---

[1] A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's application is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

be dismissed under 28 U.S.C. § 1915(e)(2)(B) unless plaintiff files an amended complaint as directed below.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Padus*, 551 U.S.89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.' " *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam*)).

### A. MUNICIPAL LIABILITY

Plaintiff herein names as defendants the Erie County Holding Center, Erie County Sheriff Timothy Howard, and Erie County Executive Chris Collins. Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694. To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518

3

(2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

The claims against the Erie County Holding Center must be dismissed because (1) the Erie County Holding Center is merely an arm of the County, and does not have a legal identity separate and apart from the County and thus cannot be sued, see Brockport v. County of Monroe Pure Waters Div., 75 A.D.2d 483, 486 (4th Dept. 1980), aff'd 54 N.Y.2d 678 (1981); Loria v. Town of Irondequoit, 775 F.Supp. 599, 606 (W.D.N.Y. 1990), and (2) there are no allegations that the challenged actions were performed pursuant to a municipal policy or custom of the County. Monell, 436 U.S. at 694. Accordingly, the claims against the Erie County Holding Center must be dismissed in their entirety but, as discussed below, plaintiff will be allowed the opportunity to amend the complaint to name the County of Erie as a defendant and set forth facts which give rise to a claim of municipal liability under Monell.

To the extent that plaintiff sues the Sheriff and County Executive in their official capacities, plaintiff's claims are equivalent to a claim against the municipality itself, see Alger v. County of Albany, 489 F. Supp. 2d 155, 165 (N.D.N.Y. 2006) ("A claim against an individual in her official capacity is nothing more than a claim against the municipality itself), and therefore said claims must be dismissed because plaintiff has not alleged that the constitutional violations occurred pursuant to a policy of custom of the County of Erie. See Gottlieb, 84 F.3d at 518. To the extent plaintiff has sued the Sheriff and

County Executive, in their individual capacities,[2] he has set forth no allegations regarding their personal involvement in the alleged constitutional violations nor has he made any allegations that could support a claim that they created a County policy or custom that led to the constitutional violations alleged herein. See *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995).

Plaintiff appears to claim that these defendants are liable solely because they hold the positions of Sheriff and County Executive. It is well-settled, however, that an individual may not be held personally responsible merely because he is in a position of authority. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); see also *Colon*, 58 F.3d at 874 ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"). Thus, plaintiff's allegations against defendants Howard and Collins fail to state a § 1983 claim against them. Accordingly, plaintiff's claims against defendants Sheriff Howard and County Executive Collins are dismissed with prejudice. Any opportunity to amend the claims against them would be futile and therefore leave to amend the claims against Howard and Collins is denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir.1999) (holding that "a district court may properly deny leave when amendment would be futile.")

---

[2]The complaint indicates that the defendants are being sued in their official capacities but the Court will liberally construe the complaint as alleging claims against the defendants in both their individual and official capacities. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest'") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## B. PLAINTIFF'S CLAIM OF EXCESSIVE FORCE

Plaintiff alleges that when he refused to go to a City Court hearing, Sgt. Webster and Sgt. Evens, deputies from the Erie County Holding Center, beat him and caused an injury to his eye. He further alleges that the deputies refused to address his injury as he was returned from court to the Holding Center. He was taken to Erie County Medical Center the next morning, where he received treatment for a scratched cornea. (Docket No. 1, Complaint, Section 5A, Second Claim, at 6.) While the complaint does not name Sgt. Webster and Sgt. Evens as defendants, it does allege that they assaulted him.[3]

As discussed above, the Erie County Holding Center, Sheriff Howard, and County Executive Collins cannot be held liable for this claim both because there are no allegations that this assault occurred pursuant to a policy or custom of the County of Erie, see Monell, 436 U.S. at 694, and because there are no allegations that Howard and Collins were personally involved in the assault, Colon, 58 F.3d at 874. Based on its evaluation of the complaint, the Court finds that the caption of plaintiff's complaint should be amended to include as defendants Sgt. Webster and Sgt. Evans and, as thus amended, plaintiff's complaint may proceed against Webster and Evans with respect to the claimed use of excessive force.[4] (Complaint, Section 5A, Second Claim, at 6.)

---

[3] The Court applies the same standard of law to excessive force claims brought by pretrial detainees, which arise under the Fourteenth Amendment rather than the Eighth, as it does to claims brought by convicted incarcerated inmates. See United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999). A correctional officer's use of force violates the Eighth Amendment when two requirements are met: the use of force "must be, objectively, sufficiently serious," and "the prison official involved must have a sufficiently culpable state of mind." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (internal quotation marks and citations omitted).

[4] See, e.g., McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian

## C. DENIAL OF ACCESS TO THE COURTS

As noted, plaintiff alleges that while he was in administrative segregation at the Holding Center, he was not allowed access to the law library. (Complaint, ¶ 5A, First Claim, at 5.) While it is true that under the Constitution a correctional facility must provide an inmate with meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the mere limitation of access to legal materials, without more, does not state a constitutional claim, as "'the Constitution requires no more than reasonable access to the courts.'" *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (quoting *Pickett v. Schaefer*, 503 F. Supp. 27, 28 (S.D.N.Y. 1980)). Moreover, in order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *Accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987).

Thus, plaintiff must show that he has suffered an actual injury traceable to the challenged conduct of prison officials. A plaintiff has not shown actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. In the complaint, plaintiff claims that his placement in administrative segregation, and resulting restrictions, denied his access to the Holding Center's law library. (Docket No. 1). This, however, in-and-of itself does not state a claim under the First Amendment of a denial of access to the courts. *See Lewis*, 518 U.S. at 351. Plaintiff, however, will be allowed an opportunity to

---

device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

amend his complaint, to show that the denial of access to the law library led to some actual injury--*i.e.*, a "nonfrivolous legal claim had been frustrated or was being impeded" due to his not be permitted access to the law library. *Id.*, at 351-52. Plaintiff may name the County of Erie as a defendant to this claim but only if he can allege sufficient facts that the denial of access to the courts through administrative segregation restrictions occurred pursuant to a municipal policy or custom. *See Monell*, 436 U.S. at 694. Plaintiff may also name as defendants in the amended complaint those individuals, if any, whom he claims were personally involved in the alleged denial.

### D. DENIAL OF SANITARY LIVING CONDITIONS

Plaintiff also alleges that he was forced to live in unsanitary living conditions while at the Holding Center, which included flaky paint on the walls and shower ceiling, lack of water, linens that were not regularly changed, uncomfortable mattresses, and cell walls, floors, and ceilings that were soiled with food and human waste. (Docket No. 1). Because plaintiff was a pre-trial detainee at the time of the events alleged in the complaint, his conditions of confinement claim arise under the due process clause of the Fourteenth Amendment, not the Eight Amendment's prohibition against cruel and unusual punishment. "As a general rule, conditions of confinement imposed in pretrial detention do not give rise to a violation of a prisoner's due process rights unless they are punitive." *Palacio v. Department of Corrections*, 345 Fed.Appx. 668, 2009 WL 2923120, at * 1 (2d Cir. Sept. 14, 2009) *(*citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the

8

detainee."); see also Lareau v. Manson, 651 F.2d 96, 102 (2d Cir. 1981) (the "constitutional standard by which the legality of conditions of confinement for pretrial detainees is to be measured ... is whether the conditions amount to 'punishment' without due process in violation of the Fourteenth Amendment.") (citing Bell, 441 U.S. at 536-38)). "Absent a showing of express intent to punish, the determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." Lareau, 651 F.2d at 103 (internal quotation marks and alterations omitted).

Plaintiff's complaint does not state a claim of denial of due process based on the allegation that he was subjected to unconstitutional conditions at the Holding Center. See Rush v. Astacio, 159 F.3d 1348, 1998 WL 480751, at *1 (Table) (2d Cir. July 31, 1999) (Unpublished Disposition) ("[Plaintiff] has not alleged that [defendant]'s refusal to remove him from the cold room . . . was motivated by an intent to punish. Absent such an allegation . . ., we need determine only whether there could have been a legitimate governmental purpose justifying defendant's behavior and whether such behavior was excessive in light of this rationale.) There are no allegations that the "hardships," if any, caused by the alleged unsanitary conditions were substantial or that they caused any injuries to plaintiff. Simple unpleasantness does not state a claim of a violation of a pre-trial detainee's due process rights. Rush, 1998 WL 480751, at *2. Plaintiff will, however, be allowed an opportunity to amend his complaint to allege facts which show that the living conditions of the Erie County Holding Center amounted to "punishment" and were thus unconstitutional. See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994)

("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). While plaintiff may wish to name the County of Erie as a defendant to this claim, if he does so he must allege facts to support a claim that the alleged due process violation occurred pursuant to a municipal policy or custom. See Monell, 436 U.S. at 694. He may also name as defendants any individual whom he can claim was personally involved in the unsanitary living conditions.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed in forma pauperis is granted. For the reasons set forth above, plaintiff's claims against Timothy Howard, Christopher Collins, and the Erie County Holding Center are dismissed with prejudice. In addition, plaintiff's claims of denial of access to the courts and denial of sanitary living conditions must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless he files an amended complaint by **July 22, 2010**, which includes the necessary allegations regarding these two claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's claim of excessive force may proceed against Sgt. Webster and Sgt. Evens only, and the Clerk of the Court shall amend the caption herein to include Sgt. Webster and Sgt. Evans as defendants.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal

effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that **the amended complaint may stand alone as the sole complaint** in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the claims related to the denial of access to the law library and the unsanitary living conditions at the Holding Center will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, and service will be made of only the excessive force claim against Webster and Evans.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied without prejudice;

FURTHER, that plaintiff's claims against Timothy Howard, Christopher Collins, and the Erie County Holding Center are dismissed with prejudice and the Clerk of the Court is directed to terminate these defendants as parties to this action;

FURTHER, the Clerk of the Court is directed to amend the caption to include as defendants "Sgt. Webster" and "Sgt. Evans;"

FURTHER, that plaintiff is granted leave to file an amended complaint regarding his claims of denial of access to the courts and denial of sanitary living conditions as directed above by **July 22, 2010**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 22, 2010**, all the claims set forth in the complaint, except the assault claim against Webster and Evans will be dismissed with prejudice,

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 22, 2010**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order regarding the excessive force claim upon defendants Webster and Evans (Complaint, ¶ 5A, Second Claim, at 6), without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, upon service of the complaint defendants are directed, pursuant to 42 U.S.C. § 1997(g)(2), to answer the complaint.

SO ORDERED.

Dated: JUNE 22, 2010
Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
United States District Judge